# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ZACHARY SOLODAR, <br><br> Plaintiff, <br><br> v. <br><br> MARVINA CLAY and YVONNE MEADOWS, <br><br> Defendants. | 1:18-cv-229-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [2] ("Final R&R"). The R&R recommends this action be remanded to the Magistrate Court of Cobb County.

## I.  BACKGROUND

On December 27, 2017, Plaintiff Zachary Solodar initiated a dispossessory proceeding ("Complaint") against Defendants in the Magistrate Court of Cobb County, Georgia. On January 16, 2018, Defendants Marvina Clay and Yvonne Meadows (collectively "Defendants"), proceeding *pro se*, removed the Cobb County action to this Court by filing a Notice of Removal and Application to Proceed *In Forma Pauperis* ("IFP Application"). [1]. On January 19, 2018, the Magistrate Judge granted Defendant's IFP application and issued her Final R&R.

The Magistrate Judge found that the Court lacks subject matter jurisdiction over Plaintiff's Complaint, and recommends this action be remanded to the Magistrate Court of Cobb County. No objections to the Final R&R have been filed.

**II. ANALYSIS**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

   B.   Discussion

The Magistrate Judge determined that the Complaint does not contain any federal claims and that Defendants may not invoke federal question jurisdiction solely on the basis of a defense or counterclaim based on federal law. ([2] at 3). The Magistrate Judge also determined that diversity jurisdiction does not exist because it requires the amount in controversy to exceed $75,000, a claim seeking

ejectment in a dispossessory action cannot be reduced to a monetary sum, and the amount of past due rent and costs falls well short of $75,000. (Id. at 4-5). The Magistrate Judge concluded that the Court lacks subject matter jurisdiction over this state dispossessory proceeding, and recommends the Court remand this action to the Magistrate Court of Cobb County. The Court finds no plain error in the Magistrate Judge's findings and recommendation, and this action is remanded. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Cobb County.

**SO ORDERED** this 2nd day of March, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE